UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

David B. Macrae and Kari D. Macrae

GMAC Mortgage, LLC,

VS.

David B. Macrae and Kari D. Macrae

CHAPTER 7
CASE NO. 07-12589-WCH

MOTION FOR RELIEF FROM STAY

To the Honorable William C. Hillman:

GMAC Mortgage, LLC, your moving party in the within Motion, respectfully represents:

1. The movant has a mailing address of 500 Enterprise Road, Suite 150, P.O. Box 969, Horsham, PA 19044-0969.

2. The debtors, David B. Macrae and Kari D. Macrae, have a mailing address of 41 Yearling Run Road, Bourne, MA 02532.

3. On April 27, 2007, the debtors filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4. The movant is the holder of a second mortgage on real estate in the original amount of $75,000.00 given by David B. Macrae and Kari D. Macrae to Mortgage Electronic Registration Systems Inc. on or about June 24, 2005. Said mortgage is recorded with the Barnstable County Registry of Deeds at Book 20032, Page 55 and covers the premises located at 41 Yearling Run Road, Bourne, MA 02532.

5. Said mortgage secures a note given by David B. Macrae and Kari D. Macrae to GMAC

Mortgage LLC, in the original amount of $75,000.00.

6. The mortgage has been assigned.

7. The movant is unaware of any declaration of homestead.

8. There is no other collateral securing the obligation.

9. As of August 9, 2007, approximately $71,548.42 in principal, interest, late fees and other charges was due with regard to GMAC Mortgage, LLC's note and mortgage. As a result of this motion, attorney's fees and costs of approximately $450.00 have accrued. This figure may increase as additional attorney's fees and costs accrue.

10. There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| GMAC | First Mortgage | $200,744.00 |
| GMAC | Second Mortgage | $ 71,548.42 |
| Total Secured Encumbrances: | | $272,292.42 |

11. According to the debtors' schedules, the fair market value of the subject property is $425,000.00. The liquidation value of the subject property is $397,062.00, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,938.00) and anticipated costs incurred for a real estate closing of $500.00.

12. The note and mortgage are in default for the July 1, 2007 posy petition payment, and all payments thereafter plus reasonable attorney's fees and costs and other charges incurred by the movant.

13. The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief:

    I.    Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtors are in default on their contractual obligations.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the automatic stay for the purpose of: (i) exercising its rights under its agreements with the debtors and under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

        Respectfully submitted,
        GMAC Mortgage, LLC,
        By its Attorney

        /s/ Deirdre M. Keady
        Deirdre M. Keady, Esquire
        BBO# 359020
        HARMON LAW OFFICES, P.C.
        P.O. Box 610389
        Newton Highlands, MA 02461-0389
        617-558-0500

Dated: August    16    , 2007

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE: | CHAPTER 7 |
|---|---|
| David B. Macrae and Kari D. Macrae | CASE NO. 07-12589-WCH |

CERTIFICATE OF SERVICE

      I, Deirdre M. Keady, Esquire, state that on August    16   , 2007, I electronically filed the foregoing Motion for Relief from Stay and Proposed Order with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

John Fitzgerald, Assistant U.S. Trustee
Debora Casey, Trustee
J. Alexander Watt, Esquire for the Debtors

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

                /s/ Deirdre M. Keady
                Deirdre M. Keady, Esquire
                BBO# 359020

David B. Macrae
41 Yearling Run Road
Bourne, MA 02532

Kari D. Macrae
41 Yearling Run Road
Bourne, MA 02532

Town of Bourne
Office of the Tax Collector
24 Perry Avenue
Buzzards Bay, MA 02532

GMAC Mortgage
P.O. Box 830117
Baltimore, MD 21283

DMK//BJA200708-0704/Macrae, David

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>David B. Macrae and Kari D. Macrae,<br><br>Debtors. | CHAPTER 7<br>CASE NO. 07-12589-WCH |

### Order Granting GMAC Mortgage, LLC Relief From The Automatic Stay And Leave To Foreclose Mortgage

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that GMAC Mortgage, LLC, its Successors and/or Assigns, Motion for Relief From the Automatic Stay is hereby granted and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by David B. Macrae and Kari D. Macrae to Mortgage Electronic Registration Systems Inc., dated June 24, 2005 and recorded with the Barnstable County Registry of Deeds at Book 20032, Page 55 which covers the premises located at 41 Yearling Run Road, Bourne, MA 02532, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

Honorable William C. Hillman
United States Bankruptcy Judge

200708-0704